Melissa Walton Compton, Appellant, v. Charles Kenith Compton, Respondent.

*Contempt proceedings — failure to pay alimony — waiver of right to the amount granted in judgment.*

Appeal from an order made at Special Term denying a motion for an order adjudging defendant in contempt for non-payment of alimony.

CLARKE, J.: On February 6, 1902, a final judgment was entered herein granting to the plaintiff an absolute divorce from the defendant. In said judgment it was also provided that the plaintiff should have the care, custody and control during his minority of the child of said parties, and that said defendant during the natural life of the plaintiff and during the minority, in case of her death, of the child, should contribute to the plaintiff the sum of twenty dollars per week for her support and the support, maintenance, care and education of said child, the first payment to be made January 24, 1902, and each week thereafter. It appears that at the time of the making of the motion herein the defendant was in default in the payments provided for in said judgment in the sum of $2,840, and that the total paid under said judgment was $106. It further appears that the child is now fifteen years of age and is living with, and is supported by, the plaintiff. Both parties have married again since the divorce. The Special Term denied the motion to adjudge the defendant in contempt. The judgment stands unreversed, unappealed from and not modified. The default in payment is not denied. The plaintiff was entitled to proceed as for a contempt, and the order asked for should have been granted. The plaintiff, in her moving papers and in the brief submitted in her behalf, states that inasmuch as she has married again she does not desire any further personal support from the defendant, but that as the next friend of her and his minor child, she asks that the defendant be required to pay ten dollars a week for his education and support, and asks that if this court on this application has the power to modify the judgment accordingly, it do so. A party may voluntarily waive his rights, and this offer may be embodied in an appropriate order, said reduction to date from the issuance of the order to show cause herein. The order appealed from should be reversed, with ten dollars costs and disbursements, and the application to adjudge the defendant in contempt granted, with ten dollars costs. O'Brien, P. J., Patterson, Ingraham and Laughlin, JJ., concurred. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Lillie Beardsworth, Individually and as Administratrix, etc., of Alfred J. Whitehead, Deceased, Appellant, v. John L. Whitehead, Individually and as Surviving Partner of the Firm of Whitehead Brothers, and Others, Defendants, Impleaded with Ida Harnden, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Thomas Kirkwood, Respondent, v. Harry M. Smith, Individually and as Surviving Partner of C. S. Locke & Smith, and Rodman J. Pearson, Appellants, Impleaded with Another.— Judgment affirmed, with costs. No opinion.

The People of the State of New York ex rel. Thomas A. Burke, Relator, v. John N. Partridge, as Police Commissioner of the City of New York, Respondent.— Writ dismissed and proceedings affirmed, with costs. No opinion. (McLaughlin, J., dissenting.)

William H. Wade, as Administrator with the Will Annexed, etc., of Frances M. Way, Deceased, Appellant, v. Mutual Reserve Life Insurance Company, Respondent.— Judgment affirmed, with costs. No opinion.

The Mercantile National Bank of the City of New York, Respondent, v. Henry B. Sire, Appellant.— Judgment affirmed, with costs. No opinion.

Jacob Kissinger, Respondent, v. William Livingstone, Defendant, Impleaded with S. Harris Pomeroy, Appellant:— Judgment and order affirmed, with costs. No opinion.